UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRICE ANTHONY PEELER,<br><br>    Petitioner,<br><br>   v.<br><br>DAVE DAVEY,<br><br>    Respondent. | No. 2:15-cv-2582 TLN CKD P<br><br>FINDINGS AND RECOMMENDATIONS |

    This pro se habeas action pursuant to 28 U.S.C. § 2254 proceeds on the petition filed December 14, 2015. (ECF No. 1.) Petitioner challenges his 2014 conviction in the Sacramento County Superior Court for assault with a semiautomatic firearm on a peace officer, evading a peace officer, possession of a firearm by a convicted felon, and related enhancements, for which he was sentenced to a prison term of 38 years and eight months. Respondent has filed an answer, and petitioner has filed a traverse. (ECF Nos. 10 & 12.) The petition was submitted on March 4, 2016.

    Before the court are two motions to amend, both filed by petitioner after the petition was submitted. (ECF Nos. 13 & 16.) Both motions have been briefed by the parties. (ECF Nos. 13-18.) Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend shall be given freely when justice requires. In deciding whether justice requires granting leave to amend, factors to be considered include the presence or absence of undue delay, bad faith, dilatory motive,

repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment. Forman v. Davis, 371 U.S. 178, 182 (1962).

I. First Motion to Amend

In his March 17, 2016 motion to amend, petitioner seeks to add two more claims not presented in the original petition: (1) ineffective assistance of appellate counsel, and (2) cumulative error at trial with a related ineffective assistance of appellate counsel claim. (ECF No. 13.) Petitioner does not attach a proposed amended petition.

Respondent opposes leave to amend, arguing that the facts underlying these claims were apparent when petitioner filed his original petition, and petitioner's belated attempt to add these claims shows undue delay. (ECF No. 14.) Respondent further argues that, as petitioner's new claims are unexhausted in the state courts, their addition would be futile.[1] (Id.)

In reply, petitioner argues that his appellate counsel was ineffective. (ECF No. 15.) He states that on March 3, 2016, he filed a petition for writ of habeas corpus in the Sacramento County Superior Court, still pending on April 19, 2016, when he drafted the reply. (Id.)

On this record, the undersigned concludes that justice does not require leave to amend to add the claims proposed in petitioner's first motion. Thus the motion (ECF No. 13) should be denied.

II. Second Motion to Amend

On July 28, 2016, petitioner filed a second motion to amend, seeking to assert 38 claims instead of the four claims in the original petition. (ECF No. 16.) Petitioner asks the court to waive the exhaustion requirement for his unexhausted claims. Alternatively, petitioner seeks to stay this action until his new claims are exhausted. Petitioner's March 2016 habeas petition in the

---

[1] The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986). The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised. Rose v. Lundy, 455 U.S. 509 (1982).

Sacramento County Superior Court included these new claims. The superior court denied the petition on May 5, 2016 in a reasoned decision. (Id. at 195-201.)

In opposition, respondent asserts that petitioner should not be permitted to amend to add unexhausted claims. However, "[g]iven that Petitioner is currently attempting to exhaust his claims in state court and the statute of limitations has not expired, Respondent does not oppose the granting of a stay to allow him to exhaust his claims." (ECF No. 17 at 5-6.) In reply, petitioner requests that the court stay this action pending exhaustion of his new claims in the state courts. (ECF No. 18.)

Two procedures are available to federal habeas petitioners who wish to proceed with exhausted and unexhausted claims for relief. The "Kelly procedure," outlined in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), involves the following three-step process:

> (1) petitioner amends his petition to delete any unexhausted claims,
>
> (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to proceed to state court to exhaust the deleted claims, and
>
> (3) petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition.

King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009). A petitioner who proceeds under Kelly may amend his petition with newly exhausted claims if they are timely under the statute of limitations governing the filing of federal habeas petitions.[2] If a petitioner's newly-exhausted claims are untimely, he may amend his petition to include them only if they share a "common core of operative facts" with the claims in the original federal petition. See King, 564 F.3d at 1140–41; see also Duncan v. Walker, 533 U.S. 167, 172–75 (2001) (unlike the filing of a state habeas

---

[2] The habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

1  petition, the filing of a federal habeas petition does not toll the statute of limitations).[3]

2  The United States Supreme Court has authorized a second procedure for pursuing both exhausted and unexhausted claims, set forth in Rhines v. Weber, 544 U.S. 269 (2005). Under the Rhines procedure, the petitioner may proceed on a "mixed petition," i.e., one containing both exhausted and unexhausted claims, and his unexhausted claims remain pending in federal court while he returns to state court to exhaust them. To obtain a Rhines stay, the petitioner must show that (1) the unexhausted claims are potentially meritorious; and (2) petitioner had good cause for his earlier failure to exhaust state remedies. 544 U.S. 269. Here, the original petition in this action is not "mixed," and petitioner has not shown the new claims' potential merit. Nor has he shown good cause sufficient to obtain a Rhines stay. See Blake v. Baker, 745 F.3d 977, 982 (9th Cir. 2014) ("An assertion of good cause without evidentiary support will not typically amount to a reasonable excuse justifying a petitioner's failure to exhaust."). Thus a Rhines stay is not warranted.

However, the undersigned will recommend a Kelly procedure, staying this action until petitioner files an amended petition, including any additional claims that have been exhausted in the California Supreme Court.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's first motion to amend (ECF No. 13) be denied;

2. Petitioner's motion to amend or to stay this action (ECF No. 16) be partially granted to stay this action pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), and otherwise denied;

3. The Clerk be directed to administratively close this case pending exhaustion of state remedies as to any new claims; and

////

////

---

[3] Unlike the Rhines procedure described below, the Kelly procedure does not require a showing of good cause. King, 564 F.3d at 1140. Rather, "a petitioner may invoke Kelly's three-step procedure subject only to the requirement that the amendment of any newly-exhausted claims back into the petition must satisfy Mayle [v. Felix, 545 U.S. 644, 650 (2005)]." Id. at 1143; see id. at 1142 ((Mayle requires new claims to relate back to claims that were exhausted at the time of filing).

4

4. Petitioner be directed to file a request to lift the stay within thirty days of a decision by the California Supreme Court concluding state habeas review of the new claims.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 29, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / peel2582.amend